UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

            Plaintiff,

-against-

MANHATTAN MINI STORAGE, LLC,

            Defendant.

21-CV-7354 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He also has filed an unsigned order to show cause, seeking a restraining order. By order dated September 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the action for failure to state a claim and denies Plaintiff's request for an order of show cause.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, who is a resident of Washington, D.C., alleges that Defendant Manhattan Mini Storage (MMS) LLC, violated his rights under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff seeks $5,000,000,000 in damages and "an emergency order of protection . . . restraining the defendant and/or anyone possibly associated with, remain 6000 feet from the plaintiff at all times." (ECF 2, at 4.)

The following allegations are taken from the complaint: On an unspecified date, MMS breached its agreement with Plaintiff by: (1) replacing Plaintiff's lock with a new lock, (2) refusing to provide Plaintiff with a key for the new lock, and (3) claiming that it could not remove the new lock without Plaintiff being present. Plaintiff contends that MMS "is making up stories and lies to continue emotionally and psychologically abusing the Plaintiff." (*Id.* at 4.) He also contends that MMS is "holding hostage evid[e]nce associated with other litigation cases." (*Id.*) In addition to money damages, Plaintiff seeks MMS's acceptance of liability and Plaintiff's release from any liability.

**DISCUSSION**

**A.   Plaintiff fails to state a claim under the FDCPA**

Plaintiff brings claims under 15 U.S.C. § 1692d, a provision of the FDCPA, 15 U.S.C. § 1692. The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to

2

another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

The provision that Plaintiff invokes, section 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Here, Plaintiff fails to state a claim under the FDCPA because he does not allege any facts suggesting that MMS is a debt collector within the meaning of the FDCPA, or that he owed a debt to MMS. While the Court can assume from the facts alleged that MMS removed Plaintiff's lock based on nonpayment, Plaintiff does not state that MMS's conduct was related to an unpaid debt. Rather, he alleges that MMS removed his lock to "emotionally and psychologically abuse[ ] him." (ECF 2, at 4.) The Court therefore dismisses the action for failure to state a claim.

**B.     The Court denies Plaintiff's request for a restraining order**

Plaintiff has filed an unsigned order to show cause, seeking a restraining order against Defendant. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because Plaintiff fails to state a claim under the FDCPA, the Court finds that Plaintiff cannot show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## WARNING

Since June 28, 2021, Plaintiff has filed seven other cases in this Court. *See Finnegan v. Salih*, ECF 1:21-CV-7337, 2 (S.D.N.Y. Sept. 1, 2021) (transferred to the United States District Court for the District of Columbia); *Finnegan v. Columbia Doctors*, ECF 1:21-CV-6519, 2 (S.D.N.Y. Aug. 18, 2021) (dismissed as duplicative of ECF 1:21-CV-6515, 2); *Finnegan v. Columbia Doctors*, ECF 1:21-CV-6515, 2 (S.D.N.Y., complaint filed July 29, 2021) (action brought under federal statute governing malpractice suits against the United States); *Finnegan v. Chase Bank*, ECF 1:21-CV-6103, 2 (S.D.N.Y. July 26, 2021) (dismissed for failure to state a claim, with 30 days' leave to replead); *Finnegan v. New York City Police Dep't*, ECF 1:21-CV-5798, 2 (S.D.N.Y. July 26, 2021) (dismissed for failure to state a claim); *Finnegan v. Lemonade*, ECF 1:21-CV-5219, 2 (S.D.N.Y. Aug. 2, 2021) (dismissed for failure to state a claim, with 30 days' leave to replead); *Finnegan v. WeWork*, ECF 1:21-CV-5593, 2 (S.D.N.Y. Aug. 27, 2021) (dismissed for failure to state a claim). The Court has already dismissed five of these cases for

failure to state a claim. In addition, available public records show that Plaintiff has filed dozens of actions in courts across the country.

In light of Plaintiff's litigation history, the Court warns Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 7, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge